UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ELAINE S.,[1]

      **Plaintiff,**

v.

      Case No. 3:20-cv-00324
      Magistrate Judge Norah McCann King

COMMISSIONER OF SOCIAL SECURITY,[2]

      **Defendant.**

## OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the application of Plaintiff Elaine S. for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Plaintiff appeals from the final decision of the Commissioner of Social Security denying that application. This matter is now before the Court, with the consent of the parties, *see Joint Consent of the Parties*, ECF No. 5, on *Plaintiff's Statement of Errors*, ECF No. 12, *Defendant's Memorandum in Opposition*, ECF No. 15, *Plaintiff's Reply*, ECF No. 16, and the *Certified Administrative Record*, ECF No. 9. After careful consideration of the entire record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court grants *Plaintiff's Statement of Errors* and reverses the Commissioner's decision and remands the action for further proceedings.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs in such cases by only their first names and last initials. *See also* S.D. Ohio General Order 22-01.
[2] Kilolo Kijakazi is the Acting Commissioner of Social Security. *See* Fed. R. Civ. P. 25(d).

1

**I.     PROCEDURAL HISTORY**

On July 3, 2017, Plaintiff filed her current application for Supplemental Security Income, alleging that she has been disabled since July 1, 2004, due to a number of physical and mental impairments. R. 192-97.[3] The application was denied initially and upon reconsideration and Plaintiff sought a *de novo* hearing before an administrative law judge. R. 133-35. Administrative Law Judge ("ALJ") Stuart Adkins held a hearing on June 19, 2019, at which Plaintiff, who was represented by counsel, testified, as did a vocational expert. *See Hearing Transcript*, R. 35-56. In a decision dated August 30, 2019, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act since July 3, 2017, the date on which the application was filed. R. 12-34. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on June 9, 2020. R. 1-6. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On March 24, 2022, the case was reassigned to the undersigned. ECF No. 18. The matter is ripe for disposition.

**II.    LEGAL STANDARD**

    **A.     Standard of Review**

In reviewing applications for Social Security disability benefits, "[t]he Commissioner's conclusion will be affirmed absent a determination that the ALJ failed to apply the correct legal standard or made fact findings unsupported by substantial evidence in the record." *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). The United States Supreme Court has explained the substantial evidence standard as follows:

---

[3] References to the Certified Administrative Record, using the pagination in that document, will be cited as "R. __."

2

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficien[t] evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal citations and quotation marks omitted); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted). In addition, "'[w]here substantial evidence supports the [Commissioner's] determination, it is conclusive, even if substantial evidence also supports the opposite conclusion.'" *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020) (quoting *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990)); *see also Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) ("Therefore, if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'") (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). "Yet, even if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

**B.     Sequential Evaluation Process**

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. § 416.920(a)(4). "The claimant bears the burden of proof through step four; at step five, the burden

3

shifts to the Commissioner." *Rabbers*, 582 F.3d at 652 (*citing Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. § 416.920(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 416.920(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id.* at § 416.909. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. § 416.920(e), (f), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. § 416.920(g). If the ALJ determines that the plaintiff can do so,

then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

### III.   ALJ DECISION AND APPELLATE ISSUES

The Plaintiff was 36 years old on July 3, 2017, the date on which the application was filed. R. 27. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between that date and the date of the decision. R. 19.

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: migraines; fibromyalgia; chronic pain syndrome; post-traumatic stress disorder (PTSD); depressive disorder; and anxiety disorder. *Id*. The ALJ also found that Plaintiff's alleged ankylosing spondylitis arthritis, gout, irritable bowel syndrome ("IBS"), and a sleep disorder were not severe impairments. *Id*.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R. 20.

At step four, the ALJ found that Plaintiff had the RFC to perform light work subject to various additional limitations:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) subject to the following additional limitations: The claimant is able to lift and carry up to 20 pounds occasionally and 10 pounds frequently. She is able to stand and/or walk for about 6 hours and sit for about 6 hours in an eight-hour workday; and she would be permitted to alternate between sitting and standing every 30 minutes while at the workstation. She should never climb ladders, ropes, or scaffolds; she can occasionally stoop and crawl; and she can frequently climb ramps and stairs, balance, kneel, and crouch. She should avoid unprotected heights. She is able to perform simple, routine tasks but not at a production rate pace and without strict performance quotas. *She is able to tolerate occasional interaction with supervisors, coworkers and the public, but should have no jobs requiring teamwork or tandem tasks.* She is able to tolerate occasional changes to a routine work setting defined as 1-2 per week.

R. 21-22 (emphasis added). The ALJ also found that Plaintiff has no past relevant work. R. 27.

At step five and relying on the testimony of the vocational expert, the ALJ found that, with this RFC, a significant number of jobs—*e.g.*, jobs as a Cleaner, a Routing Clerk, and a Parking Lot Cashier—existed in the national economy and could be performed by Plaintiff. R. 28. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from July 3, 2017, the application date, through the date of the decision. *Id*.

Plaintiff disagrees and asks that the decision of the Commissioner be reversed and remanded with directions for the granting of benefits or, alternatively, for further proceedings. *Plaintiff's Statement of Errors,* ECF No. 12; *Plaintiff's Reply Brief*, ECF No.16. Specifically, she argues that the ALJ erred in his evaluation of the medical evidence relating to Plaintiff's mental impairments and fibromyalgia, and in finding that Plaintiff's RFC includes a limitation to only "occasional" interaction with supervisors, coworkers and the public. The Acting Commissioner takes the position that her decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Memorandum in Opposition,* ECF No. 15.

IV.     **RELEVANT EVIDENCE**

In *Plaintiff's Statement of Errors*, ECF No. 12, Plaintiff contends that the ALJ committed reversible error in a number of areas. Among these, she argues that the ALJ erred in failing, without explanation, to incorporate a limitation to "superficial" contact with others in his RFC determination, as opined by the state agency psychologists upon whom the ALJ relied. This Court agrees and will therefore limit its discussion to that contention.

In August 2017, state agency psychologist Kristen Haskins, Psy.D., reviewed the record and found that the record documented depressive, bipolar and related disorders, anxiety and obsessive-compulsive disorders, and trauma and stressor-related disorders. R. 89. In an assessment of Plaintiff's ability to engage in work-related activities, Dr. Haskins opined, *inter alia*, that Plaintiff was moderately limited in her ability to interact with the public, supervisors, and coworkers. R. 94. She concluded that Plaintiff should be "limited to *superficial* contact with others." *Id* (emphasis added). Dr. Haskins elaborated:

> …[R]ecent medical records indicate that the clmt now has social interaction limitations….[C]lmt is in anxious distress, has psychomotor retardation, an impaired memory, a depressed mood, a depressed affect, and self-reporting symptoms of anxiety. All of these symptoms reasonably support that the claimant is limited to work with *superficial* interactions with others.

R. 95 (emphasis added). State agency psychologist Robyn Murry-Hoffman, Ph.D., reviewed the record on reconsideration on January 4, 2018, R. 111-14, and agreed that Plaintiff "is limited to *superficial* contact with others." R. 112 (emphasis added). *See also* R. 113 ("All of these symptoms reasonably support that the claimant is limited to work with superficial interactions with others.").

> The ALJ found the opinions of these state agency psychologists persuasive, reasoning:
>
> The assessments of the state agency psychologists, Kristen Haskins, Psy.D., and Robyn Murry-Hoffman, Ph.D., are found to be persuasive. In the opinion of Dr. Haskins and Dr. Murry-Hoffman, the claimant has "severe" mental impairments of affective disorders, anxiety disorders, and trauma and stressor-related disorders. The claimant experiences a "moderate" limitation in her ability to understand, remember, or apply information; in her ability to concentrate, persist, or maintain pace; in her ability to interact with others; and in her capacity to adapt or manage herself in the opinion of Dr. Haskins and Dr. Murry-Hoffman.
>
> \*\*\*
>
> Dr. Haskins and Dr. Murry-Hoffman opined the claimant is capable of performing simple tasks in a routine setting without pace or production standards, and limited social interaction. The findings herein generally reflect the state agency psychologists' residual

7

> functional capacity with respect to the claimant's mental impairments. Dr. Haskins and Dr. Murry-Hoffman have specialization and program knowledge, they provided supportive comments to explain their conclusions, and their findings are consistent with the record.

R. 25 (citations to record omitted).

At the administrative hearing, the ALJ asked the vocational expert to assume a claimant with Plaintiff's vocational profile and the RFC ultimately found by the ALJ, including a limitation to "occasional interaction with supervisors, coworkers, and the general public.…" R. 51. In response, the vocational expert testified that such a claimant could perform the jobs indicated above. R. 51-52. The ALJ included some variations of this hypothetical, but none that included a limitation to "superficial" as opposed to "occasional" contact with supervisors, coworkers, and the public. R. 52-54.

## V. DISCUSSION

As noted above, the ALJ found that Plaintiff had the RFC for, *inter alia*, work that involves "occasional interaction with supervisors, coworkers and the public.…" R. 21. Plaintiff argues that this finding was flawed because the ALJ failed to include a limitation to only "superficial" interaction with others, as the state agency reviewing psychologists opined, and the ALJ failed to explain his reasoning for doing so. These failures are significant, Plaintiff argues, because, in light of the hypotheticals posed to the vocational expert, it cannot be discerned whether a limitation to "superficial contact" with others would preclude substantial gainful employment. In response, the Acting Commissioner argues that the ALJ did not err in this regard because he "implicitly found that Plaintiff could tolerate more than superficial contact.…" *Defendant's Memorandum in Opposition*, ECF No. 15, PageID# 1138. This Court disagrees.

This Court is among many that have addressed the difference between "occasional" and "superficial" interaction with others, noting that the term "occasional," which refers to the

8

frequency of the interaction, is not the equivalent of the term "superficial," which refers to the quality of the interaction. *See, e.g.*, *Bruce D. v. Comm'r of Soc. Sec.,* 3:20-cv-0218, 2022 WL 2071080 (S.D. Ohio June 9, 2022); *Spinner v. Comm'r of Soc. Sec.*, No. 2:20-cv-4676, 2021 WL 7908552, at *2 (S.D. Ohio Nov. 29, 2021); *Greene v. Saul*, No. 3:19-cv-0687, 2020 WL 4593331, at *4 (N.D. Ind. Aug. 11, 2020); *Midlam v. Berryhill*, No. C17-5650, 2018 WL 2932134, at *2 (W.D. Wash. June 12, 2018). And although it is the ALJ who is tasked with determining a claimant's RFC, 20 C.F.R. § 416.946(c), that RFC determination, as with all the ALJ's findings, must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389 (1971).

In this case, the ALJ failed to explain why he included a limitation to "occasional" contact with others, but not a limitation to "superficial" contact, as opined by the reviewing state agency psychologists upon whose opinions the ALJ relied. Although an ALJ is not required to adopt a medical opinion that would limit a claimant to only superficial interaction with others, the ALJ must, as with any assessment of a medical opinion, explain why or to what extent that opinion is not supported by the evidence in the record. *See e.g., John P. v. Comm'r of Soc. Sec*, 3:20-cv-0252, 2022 WL 3151899, at *10 (S.D. Ohio Aug. 8, 2022) (affirming the Commissioner's decision where the ALJ explained why he included in the plaintiff's RFC only a restriction to "occasional" interaction with others, and excluded a restriction to "superficial" interaction as opined by the state agency reviewing psychologists upon whose opinions the ALJ otherwise relied). *See also M*[.] *v. Comm'r of Soc. Sec. Admin.*, No. 3:19-cv-00047, 2020 WL 103579 (S.D. Ohio Jan. 9, 2020), *report and recommendation adopted*, No. 3:19-cv-00047, 2020 WL 1227208 (S.D. Ohio March 13, 2020) (holding that an ALJ must incorporate opined limitations or explain the failure to do so despite according significant weight to that opinion);

9

*Katelynn C*[.] *v. Comm'r of Soc. Sec.*, No. 2:18-cv-67, 2018 WL 6287996, at *5 (S.D. Ohio Dec. 3, 2018), *report and recommendation adopted*, No 2:18-cv-67, 2019 WL 95496 (S.D. Ohio Jan. 3, 2019) (same).

Because the ALJ failed to either adopt the state agency psychologists' opinion that Plaintiff should be limited to only "superficial" contact with others, or to explain why he did not do so, the matter must be remanded to the Commissioner for further consideration of this issue.

## VI.  CONCLUSION

For these reasons, the Court **GRANTS** *Plaintiff's Statement of Errors,* ECF No. 12, **REVERSES** the Commissioner's decision, and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. § 405(g).


Date:  September 7, 2022                           *s/Norah McCann King*
                                                                    NORAH McCANN KING
                                                      UNITED STATES MAGISTRATE JUDGE

10